HELTON, APPELLEE, *v.* NORTHERN AMUSEMENT CO., APPELLANT.

(Decided May 22, 1939.)

*Mr. Wayne Shawaker,* for appellee.
*Mr. Ralph Emery* and *Mr. George H. Lewis,* for appellant.

OVERMYER, J. Appellee, Orville E. Helton, plaintiff below, recovered a verdict and judgment in Common Pleas Court against appellant, Northern Amusement Company, defendant below, for injuries sustained in falling down a basement stairway while a patron of defendant at its place of business known as the Royal Theatre on Superior street in Toledo. This appeal seeks a reversal of the judgment.

Ten separate specifications of error are assigned, only one of which we find it necessary to discuss, the others not being of a prejudicial character.

The claims of negligence set up in the petition and regularly submitted to the jury were five in number and related to inadequate lighting of the stairway; failure to warn plaintiff of the unlighted and dangerous condition of the stairway; defendant permitted an accumulation of cigar butts, cigarettes, candy wrappers, paper, etc., on the stairway with knowledge thereof; failure of defendant to warn plaintiff of such accumulation of refuse; and failure of defendant to provide handrails on both sides of such stairway as provided by law.

Among other witnesses, plaintiff called for cross-examination the secretary and treasurer of the defendant company and in the course of the cross-examination the following occurred:

"Q. Is the stairway carpeted? A. No.

"Q. Is it equipped with approved, non-slip treads?

"By Mr. Emery: I object to the word 'approved.'

"By Mr. Shawaker: I am following the language of the statute.

(Objection overruled, exception.)

"By the Witness: I don't know.

"Q. Are there any non-slip treads of any kind on the steps of this stairway? A. Unless this composition material is considered non-slip, there are no other treads."

No other evidence appears in the record on the subject of "approved non-slip treads."

The record shows that at the conclusion of the general charge and the submission of certain interrogatories, requested by one of the parties, the court said:

"Now that concludes the charge of the court upon the issues and the law involved in this lawsuit, unless counsel have some requests they want to make at this time. (Counsel approach the bench and confer with the court.)

"The Court: Ladies and gentlemen of the jury, referring back now to the body of the charge of the court, I told you that the plaintiff claimed that the defendant was negligent in certain regards, and read to you from the petition five specifications of negligence complained of by the plaintiff against the defendant which the plaintiff said either one or any group of them, or all of them, was the direct and proximate cause of his fall and consequent injuries, and I charged you upon these matters. I have *now* received a request from plaintiff to supplement those allegations of negligence by an additional claim of negligence on his part against the defendant relative to this stairway, in this respect,

to wit: That the plaintiff *now* claims the defendant was guilty of negligence in not providing or covering the steps of this stairway *with non-slip treads,* or carpets, or other material to prevent slipping or tripping, and that as a direct and proximate result of that failure the plaintiff fell and suffered the consequent injuries.'' (Italics ours.)

The court then proceeded to explain the burden of proof on this claim of negligence, and then charged further:

''Now at the time of the fall complained of by the plaintiff, as set forth in his petition which he said resulted in the claimed injuries, there was in full force and effect, of course, the statute number 12600-21, of which I read a part to you before. This additional paragraph reads: 'Stair treads shall be provided with approved non-slip treads or shall be carpeted or covered with other material, to prevent slipping or tripping.'

''That was the law in existence at that time, and you will apply it agreeable to the instructions which I have heretofore given you as to all other claims of negligence made by the plaintiff in the case.''

Counsel for defendant saved a special exception to the charge on the new claim of negligence thus injected into the case and submitted to the jury.

In the first place, there was no claim made in the petition of any negligence in the respects covered by the charge given as above quoted, and no request made at the conclusion of the evidence or at any other time during the trial to amend the petition in this respect, and, secondly, there was no evidence to warrant a charge on so vital a claim of negligence, even though the petition had been amended. The only evidence on the subject has been heretofore quoted, on the subject of ''approved, non-slip treads,'' when the witness said: ''I don't know.'' Nor was there any evidence or ex-

planation of what would constitute "approved, non-slip treads."

That the issues in a case are limited to the pleadings and the evidence, and the court's charge confined to the issues so made, is an established rule of law. If the proof develops facts not pleaded, the court, in its discretion, may allow a pleading to be amended, in some instances even after judgment, to conform to the proof. There may be situations in which it might not be error to submit to a jury a proposition not pleaded on which evidence had been received without objection. To charge the jury on a claim not made by the pleadings, or supported by any evidence, is prejudicial error, and all the more so when the charge is on a positive statute, the violation of which is negligence *per se.*

It is true that the jury answered an interrogatory finding the stairway not properly lighted, and that a violation of the statute was undisputedly shown in the matter of handrails, but in no manner can we determine what the jury may have found to have been the proximate cause of plaintiff's fall and injuries. The jury may have found the proximate cause in a claim not properly before it, a claim brought into the case and presented to the jury, unsupported by any evidence and at a time when defendant had no opportunity whatever to meet it. Being the last matter submitted to the jury, following a conference at the bench, it may well be that this last impression in the jurors' minds was the controlling one.

For the prejudicial error herein pointed out, we are required to reverse the judgment, which otherwise could be affirmed.

*Judgment reversed and cause remanded.*

CARPENTER and LLOYD, JJ., concur.